UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN SCOTT
      Plaintiff,

V.

Synchrony Bank
Dba PayPal Credit

      Defendant.

Case No.

**COMPLAINT**

**Introduction**

Plaintiff, Alan Scott, brings this action against Defendant Synchrony Bank dba PayPal Credit for violations of the 47 U.S.C. § 227, et *seq.* ("TCPA"), MGL 93A and MGL 49a, and MGL 272, Section 99. The TCPA prohibits the use of automatic dialers in making collection calls to cell phones without the consent of the called party. The Massachusetts statues prohibit both creditors and debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts, and specifically prohibit calling Massachusetts residents more than 2 times in any rolling 7 calendar day period, and further prohibits recording phone calls in the absence of affirmative consent from all parties to the call.

**Parties**

1.    Plaintiff is a citizen of the Commonwealth of Massachusetts who resides within this District.

1

2. Plaintiff is a consumer in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

3. Upon information and belief, Defendant's principal place of business is located in Orlando, Fl.

4. Defendant is regularly engaged, for profit, extending credit and in the collection of debts owed by consumer-account holders.

5. Defendant is a "creditor" as that term is defined by the regulations and statutes of the Commonwealth of Massachusetts.

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331. This Court also has diversity jurisdiction pursuant to 28 USC 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Personal jurisdiction for diversity arises because the Defendant has had the requisite minimum contacts within the Commonwealth of Massachusetts and this suit arises out of its specific contacts with the Plaintiff in Massachusetts.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

8. Upon information and belief, on a date better known by Defendant, Defendant began making phone calls to plaintiff attempting to collect an alleged consumer debt from the Plaintiff.

## FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF

### COUNT I

9. From approximately August 20, 2019 through October, 2019, Defendant made 44 documented phone calls to a cell phone number of Plaintiff, with each phone call being made by use of an automatic dialer system proscribed by 47 U.S.C. 227.

10. On most days these calls were made as many as 3 times a day and constituted harassing and disruptive conduct by the defendant. In many cases, they were disruptive because if plaintiff was using his iPad and/or MacBook computer on the same Wifi system that his iPhone was logged into, the incoming call would override whatever he was working on at the time with a pop-up screen, and Plaintiff was unable to continue with his work and would sometimes lose his train of thought until the defendants call was disconnected.

11. At the inception of his business relationship with defendant, plaintiff had specifically instructed, in writing, that he was not to be called with telemarketing calls or any other calls, with the sole exception of a possible fraud alert call in the event of specific detected issues with respect to suspicious potentially fraudulent charges. He further instructed that no auto-dialer calls were authorized and that he was opting out of any efforts by defendant to enable use of the activities to which he objected. Plaintiff also instructed that no phone calls with him were ever to be recorded for any reason.

12. Defendant's use of auto-dialers to harass and annoy plaintiff is both willful and a knowing violation of the TCPA proscriptions.

13. Plaintiff demands statutory damages in the amount of $1,500.00 for each of the 44 calls made to him in violation of the TCPA, or $66,000.00.

3

## COUNT II

14. Defendant's phone system asserts that all telephone calls are recorded. Massachusetts law prohibits the recording of any phone calls without the consent of all parties to the call. See MGL 272 Section 99. On Defendant's 3 calls to Plaintiff that were answered, Plaintiff did not consent to the call being recorded and Demands damages in the amount of $25,000 for the illegal recording of the calls.

## COUNT III

15. Massachusetts statutory law and Attorney General Regulations limit any debt collection calls to not more than two in any 7 day period. Specifically, Massachusetts laws prohibit "Initiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number".
The Massachusetts Supreme Judicial Court courts has held that "initiating" means just that--- placing a call and causing the phone to ring, whether its answered or not, or if a voice mail is left, or not. Simply placing the call is a call that counts towards the two calls in 7 days.

Defendant has vastly exceeded the 2 calls per 7 days prohibition, and damages are Demanded at $2,500 for each of the 34 calls that exceeded the statutory limit from 8/27/19 through 10/2/19, or a total of $85,000.00. The calls are documented in the table below as per Caller ID and telephone records.

| Week | Date | Calls | Calls >2 |
|---|---|---|---|
| 8/27/19-9/2/19 | | Calls >2 | 12 |
| | 8/27/19 | 3 | |
| | 8/28/19 | 3 | |
| | 8/29/19 | 3 | |
| | 8/30/19 | 1 | |
| | 8/31/19 | 1 | |
| | 9/1/19 | 1 | |
| | 9/2/19 | 2 | |
| 9/3/19-9/9/19 | | | 15 |
| | 9/3/19 | 2 | |
| | 9/4/19 | 2 | |
| | 9/5/19 | 2 | |
| | 9/6/19 | 2 | |
| | 9/7/19 | 3 | |
| | 9/8/19 | 3 | |
| | 9/9/19 | 3 | |
| 9/10/19-9/16/19 | | | 7 |
| | 9/10/19 | 3 | |
| | 9/11/19 | 3 | |
| | 9/12/19 | 3 | |
| | 10/2/19 | 2 | |
| Total Calls | | 42 | Total >2   34 |

16. Defendant's conduct violated MGL 93, Section 49 and MGL 93A.

17. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

18. Plaintiff suffered actual harm by being the target of the Defendant's misleading, deceptive and unlawful debt collection communications.

19. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

20. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

5

21. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

22. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

23. MGL 93, Section 49, ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of Massachusetts Debt Collections statutory law and Attorney General regulations are to provide information that helps consumers to choose intelligently and not be harassed by creditors.

24. Plaintiff seeks to end these violations of the TCPA and Massachusetts law. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Violations of The Telephone Consumer Protection Act and MGL Chapter 93; Section 49, and MGL 93A, MGL 272 Section 99

25. The Defendant's actions as set forth above in the within complaint violate the TCPA and MGL Chapter 93; Section 49 and MGL 93A. Each of Defendant's actions that are alleged to violate the TCPA are re-alleged as a separate violation of MGL Chapter 93, Section 49 and MGL 93A where there is commonality in the federal and state prohibitions.

26. Because the Defendant violated the TCPA and Massachusetts statutory law, the Plaintiff is entitled to damages in accordance with the provisions of both statutes, including Treble damages pursuant to MGL 93A.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory, ($176,000.00) Compensatory and Punitive damages provided under the TCPA, 47 USC 227 and MGL 93A and MGL 93, Section 49, and MGL 272, Section 99.

Treble damages pursuant to MGL 93A

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

(d) Plaintiff requests trial by jury on all issues so triable.

Dated: Boston, MA
January 24, 2020

/s/ Alan Scott
Alan Scott
PO Box 2011
Taunton MA  02780
legal.ascott@gmail.com